Dick Yale v. The State.

No. 4108.    Decided May 19, 1909.

1.—Shooting Craps—Continuance.

Where the testimony set out in the motion for continuance was immaterial, there was no error in overruling the motion.

2.—Same—Evidence—Impeaching Testimony.

Upon trial for unlawfully shooting craps there was no error in excluding impeaching testimony upon an immaterial issue.

Appeal from the County Court of Bosque.   Tried below before the Hon. P. S. Hale.

Appeal from a conviction of unlawfully shooting craps; penalty, a fine of $10.

The substance of the State's testimony was that the defendant and others had been seen shooting craps about the time alleged in the indictment.   They played the game with two dice, and they bet money on the game.   They would each put five cents into the pot, and one of them would throw the dice, and whoever won would take the money.   The defendant bet on this game, which they call craps.   The game was played in the brush, and not close to any public road or house.   The defendant claimed an alibi.

*J. P. Word,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of unlawfully shooting craps, and his punishment assessed at a fine of $10.

The State's testimony shows that the game of craps occurred between the 20th and 24th of December.   Appellant sought a continuance for the want of the testimony of Mrs. Harris, by whom he expected to prove that he (appellant) was at her house, eight miles away, on the 21st of December.   This testimony is immaterial in the light of the State's case, since the testimony for the State does not place the game on the 21st, but says somewhere between the 20th and 24th.

Bill of exceptions No. 2 complains the court erred in refusing to permit the appellant to show where a man by the name of Henry Long was on the day the game of craps was played.   The bill shows that Henry Long was present as a witness for the defendant, and was sworn as such in the trial of this case.   The mere fact that the prosecuting witness, Henry Long, was playing at a game some short distance away from this crap game would not be such material error on the part of the court in excluding the fact as to where Henry Long was as would authorize us to reverse this case.   If appellant wanted to prove Henry Long's whereabouts he had a right to do so, and if Long had sworn that he was not near the game it would simply have been impeaching testimony upon an immaterial issue.   Therefore we hold there was no reversible error in the refusal of the court to permit appellant to prove the whereabouts of Henry Long.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*